IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL METZ AND SHERRI METZ,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY,**<br><br>Defendant. | **CIVIL ACTION**<br><br>**NO. 23-2502** |

MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                      **September 14, 2023**

Plaintiffs Daniel and Sherri Metz bring two claims against Defendant State Farm Fire and Casualty Company for its denial of insurance coverage following water damage to Plaintiffs' home. Plaintiffs allege that Defendant's denial amounted to (I) a breach of contract and (II) bad faith under 42 Pa. C.S. § 8371. While Defendant disputes both claims, its present motion seeks to dismiss only Count II of the Complaint, the bad faith claim. For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED without prejudice** and with leave to amend within fourteen (14) days.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs' home suffered serious water damage in February 2023, after which Plaintiffs submitted a claim to Defendant under Plaintiffs' homeowner's insurance policy. ECF No. 9-4 at ¶¶ 4-10. Defendant agreed to cover certain minor losses, but the payout was well below the $42,000 in claimed damage, as approximated by Plaintiffs' adjuster. ECF No. 10 at 8. Based on Defendant's refusal to cover Plaintiffs' full claim, Plaintiffs filed this Complaint in the

1

Philadelphia County Court of Common Pleas in May 2023. ECF No. 9 at 1. Following service, Defendant, an Illinois corporation, timely filed a Notice of Removal pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441. Id. On July 5, 2023, Defendant moved to dismiss Plaintiffs' claim for bad faith pursuant to Federal Rule of Civil Procedure 12(b)(6). Id. Plaintiffs responded in opposition on July 26, 2023. ECF No. 10.

## II.     LEGAL STANDARD

The federal pleading standard applies to state-law claims removed to federal district court. Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 132 (3d Cir. 2020) (citing to Fed. R. Civ. P. 81(c)(1)); see also Christiansen v. W. Branch Cmty. Sch. Dist., 674 F.3d 927, 938-39 (8th Cir. 2012). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Twombly, 550 U.S. at 555), and so it will not suffice if it is "devoid of further factual enhancement," Iqbal, 556 U.S. at 678 (citation omitted). Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, Doe v. Univ. of the Scis., 961 F.3d 203, 208 (3d Cir. 2020), but may not "assume that [the plaintiff] can prove facts that [she] has not alleged[,]" Twombly, 550 U.S. at 563 n.8 (citing Associated Gen. Contractors of Cal. Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

### III. PARTIES' ARGUMENTS

Defendant asserts that Plaintiffs have failed to allege sufficient facts to support their bad faith claim. ECF No. 9-1 at 9. Specifically, Defendant argues that Plaintiffs' core set of bad faith allegations—that Defendant (1) "fail[ed] to make a reasonable effort to negotiate [a] timely settlement," (2) "fail[ed] to objectively and fairly evaluate the Plaintiffs' claim," (3) "compell[ed] Plaintiffs to institute their lawsuit," (4) "act[ed] unreasonably and unfairly in response to Plaintiffs' claim," (5) "fail[ed] to promptly provide a reasonable factual explanation of the basis for not paying Plaintiffs' claim," (6) "conduct[ed] an unfair, unreasonable self-serving and inadequate investigation of Plaintiffs' claim," (7) "fail[ed] to give equal consideration to paying the claim as not paying the claim," and (8) "refus[ed] to provide coverage for full access and treat[ed] the Plaintiffs in a fashion inconsistent with industry standards and Defendant's own practices," ECF No. 9-4 at ¶ 23—amount to nothing more than a set of bare-boned conclusory assertions that do not survive Twombly's "plausibility" standard, ECF No. 9-1 at 9-11. The Complaint, Defendant contends, is wholly "devoid of specific factual allegations." Id. at 10.

Plaintiffs counter only that these same allegations "are not purely conclusory legal statements and satisfy the pleading requirements for bad faith." ECF No. 10 at 9.

### IV. DISCUSSION

To state a claim for bad faith under Pennsylvania law, a plaintiff must demonstrate (1) that an insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis. Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing to Terletsky v. Prudential Property & Cas. Ins. Co., 649 A.2d 680, 688-89 (Pa. Super. Ct. 1994), appeal denied, 659 A.2d 560 (1995)). Here, Plaintiffs have failed to plausibly allege either element. As Defendant correctly observes, "the Complaint merely lists

several subsections of bare bones, conclusory and boilerplate allegations that are devoid of specific facts to support this cause of action." ECF No. 9-1 at 9. While Twombly does "not require heightened fact pleading of specifics," Twombly, 550 U.S. at 570, the allegations here have not "nudged" the claim "across the line from conceivable to plausible," id. For instance, the Complaint alleges that Defendant "failed to make a reasonable effort to negotiate [a] timely settlement," ECF No. 9-4 at ¶ 23, but does not further explain how or why Defendant failed in this regard, let alone why Defendant's efforts were untimely. See Soldrich v. State Farm Fire & Cas. Co., No. 5:15-CV-01438, 2015 WL 7568442, at *3-4 (E.D. Pa. Nov. 25, 2015). Likewise, the Complaint alleges that Defendant's denial of coverage was "inconsistent with industry standards," ECF No. 9-4 at ¶ 23, but neither elucidates those standards nor explains why Defendant failed to adhere to them.

Each of the Complaint's alleged instances of bad faith conduct suffer from this same overgeneralization flaw, and Pennsylvania courts have routinely dismissed claims with remarkably similar non-specific factual allegations. See Pasqualino v. State Farm Mut. Auto. Ins. Co., No. CIV.A. 15-0077, 2015 WL 3444288, at *5 (E.D. Pa. May 28, 2015); Baxley v. State Farm Mut. Auto. Ins. Co., No. CV 20-5512, 2021 WL 149256, at *3 (E.D. Pa. Jan. 15, 2021) (Baylson, J.); Joseph O'Brien & Tamara O'Brien, v. Liberty Mut. Ins., No. 21-CV-01234, 2021 WL 3203405, at *2-3 (E.D. Pa. July 28, 2021) (Baylson, J.); Dietz v. Liberty Mut. Ins. Co., No. 2:20-CV-1239-MMB, 2020 WL 3414660, at *3-4 (E.D. Pa. June 22, 2020) (Baylson, J.). As the Court simply cannot discern from these allegations whether Defendant lacked a reasonable basis for denying coverage here, let alone Defendant's *mens rea* with respect to that denial, the Court must dismiss Count II for failure to state a claim.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED without prejudice** and with leave to amend within fourteen (14) days.  An appropriate Order follows.

O:\Michael.2023\23-2502 Metz v. State Farm\23-2502 - DRAFT Memo re MtD.docx